[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF TILE CASE
The plaintiff seeks to recover damages pursuant to a liquidated damage clause contained in an agreement dated March 22, 2000, entered into by these parties.
This agreement was for a five year period and by its terms, the plaintiff was to supply the defendant with uniforms and aprons for its employees.
The defendant admits it refused to accept delivery of the first set of uniforms offered by the plaintiff
 DISCUSSION I
The defendant's defenses are that the contract is ambiguous, that the CT Page 2499 plaintiff "pressured" him into signing it, and that the plaintiffs agent assured him he could cancel the agreement without penalty. Defendant's counsel in argument stated his client "made a mistake."
The court can find no ambiguity in the contract.
On the claims of "pressure" and the right to cancel, the court heard from an employee of the plaintiff and Timothy Collins, a principal of the defendant LLC. As expected, the versions of the signing process differ. However, Mr. Collins is no raw rookie in the business world and he stated he hadn't read the contract thoroughly. He went on to say he wasn't changing his mind (when he called the plaintiff after the signing) but wanted to renegotiate the terms.
To give credence and validity to the defendant's claimed defenses would serve to open every written contract to the vagaries of parole evidence.
On the evidence before the court, it cannot find such undue influence as to warrant the remedy requested. Nor can the court adopt the proposition that any written contract can be modified orally. The first and second special defenses must fail.
 II
The third special defense appears to be based on the premise that there was no delivery of goods by the plaintiff and no acceptance of same by the defendant.
The evidence was that the plaintiff attempted to make a delivery and the tender was refused. This does not constitute a lack of consideration.
The fourth special defense alleges the "defendant's members" were embarrassed, etc. when the plaintiff removed a carpet it had allegedly given to the defendant. This episode was alluded to at trial, but no proof of damages was offered. It too must fail.
 CONCLUSION
Judgment may enter for the plaintiff in the amount of $9,664.20, plus taxable costs.
 ___________________ Anthony V. DeMayo Judge Trial Referee
CT Page 2500